**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY BRODZKI,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-2854 (UNA) |

**MEMORANDUM**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court grants the application and dismisses the complaint and the case without prejudice.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of*

*Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

As best the Court can tell, Plaintiff attempts to bring claims under criminal statutes, *see* Compl. (ECF No. 1at 1) (citing 18 U.S.C. §§ 241, 242, 2340), pursuant to which there is no private right of action. *See, e.g.*, *Wilson v. U.S. Dep't of State*, No. 24-5204, 2024 WL 5286324, at *1 (D.C. Cir. Dec. 23, 2024) (per curiam) ("And no private right of action exists under 18 U.S.C. § 242."), *cert. denied sub nom. Wilson v. Dep't of State*, 146 S. Ct. 1504 (2026); *Crosby v. Catret*, 308 F. App'x 453 (D.C. Cir. 2009) (per curiam) (affirming district court's "reject[ion of] appellant's attempt to invoke 18 U.S.C. § 241 and 18 U.S.C. § 242 to initiate a prosecution against the named defendants because there is no private right of action under these criminal statutes"); *Renkel v. United States*, 456 F.3d 640, 644–45 (6th Cir. 2006) (noting that 18 U.S.C. §§ 2340 and 2340A "criminalize torture outside the United States; they do not provide civil redress for torture within the United States"); *Sivokonev v. Cuomo*, 447 F. Supp. 3d 58, 63 (W.D.N.Y. 2020) ("[I]t is well settled that [18 U.S.C. § 2340] applies only to acts outside the United States, and in any event refers to a criminal cause of action for which no private civil right of action exists.").

It appears that Plaintiff has submitted, and the FBI has denied, *see* Compl., Ex. (ECF No. 1 at 3) an administrative tort claim under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80. The complaint itself does not refer to the FTCA, and aside from vague references to violations of Fourth and Fifth Amendment rights, *see* Compl. at 1, Plaintiff does not identify the relevant tort(s), and any attempt to allege a constitutional tort against the United States of America is futile. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994); *see also Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) ("First, the law is well established that Congress has not waived the United States' immunity with respect to tort claims arising under the

Constitution."), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018). As drafted, the complaint lacks sufficient factual allegations supporting a viable legal claim.

An Order is issued separately.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 17, 2026